IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| Lakeythia Gates, On Behalf of Herself and All Others Similarly Situated, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 6:22-cv-45 |
| Support Services Group, Inc. (a/k/a Legacy Support Services, LTD and/or Legacy Support Services, LLC), | § § § § | FLSA COLLECTIVE ACTION |
| Defendant. | § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Lakeythia Gates ("Plaintiff"), on behalf of herself and all others similarly situated, files this Complaint against Support Services Group, Inc. (a/k/a Legacy Support Services, LTD and/or Legacy Support Services, LLC) ("Defendant"), showing in support as follows:

### I. NATURE OF THE CASE

1. This is a civil action brought by Plaintiff pursuant to the federal Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and the federal Portal-to-Portal Pay Act, 29 U.S.C. §§ 251-262, (collectively "FLSA") for Defendant's failure to pay Plaintiff time and one-half her regular rate of pay for all hours worked over 40 during each seven-day workweek as an employee of Defendant.

2. Defendant is call center/contact center type business operation. Defendant's customers are third party business entities who need support assistance for their customers.

3. Plaintiff was employed by Defendant as customer service representative ("CSR") with primary job duties of communicating with and/or assisting customers of those third party

business entities. At times, Plaintiff had additional job duties as a subject matter expert ("SME") to assist with training of new CSRs.

4. Defendant paid Plaintiff on an hourly basis in addition to bonus pay.

5. Plaintiff routinely worked in excess of 40 hours per seven-day workweek as an employee of Defendant. However, Defendant did not pay Plaintiff all overtime wages owed because it:

   a. did not include bonus pay in calculating the FLSA regular rate of pay (the "regular rate claim"),

   b. did not treat Plaintiff's breaks in time that were 20 minutes or less during the FLSA's continuous workday as compensable time (the "unpaid short breaks in time"), and

   c. did not treat breaks in time that were longer than 20 minutes during the FLSA's continuous workday (which were not bona-fide meal breaks) as compensable time due to Plaintiff being logged out by Defendant's employees or time-keeping system (the "unpaid longer breaks in time").

6. Plaintiff files this lawsuit individually and as a FLSA collective action on behalf of all other similarly situated current and/or former employees of Defendant who work(ed) as hourly paid CSRs and/or SMEs, and like Plaintiff, are not/were not paid time and one-half their respective regular rates of pay for all hours worked over 40 in each seven-day workweek due to Defendant's practices, plans, policies and/or procedures relative to the regular rate claim (for employees who also received bonus pay), the unpaid short breaks in time claim, and/or the unpaid longer breaks in time claim.

7. Plaintiff and the collective action members seek all damages available under the FLSA, including unpaid overtime wages, liquidated damages, legal fees, costs, and post-judgment interest.

## II. THE PARTIES, JURISDICTION, AND VENUE

### A. Plaintiff Lakeythia Gates

8. Plaintiff is a natural person who resides in Waco, McLennan County, Texas. She has standing to file this lawsuit.

9. Plaintiff was employed by Defendant in McLennan County, Texas.

10. Plaintiff was employed by Defendant on three different occasions as follows – (a) approximately January 29, 2018, to approximately March 1, 2018, (b) approximately April 27, 2020, to approximately May 11, 2020, and (c) approximately December 6, 2020, to approximately December 11, 2021.[1]

11. By filing this lawsuit and complaint, Plaintiff consents to be a party plaintiff to this FLSA action pursuant to 29 U.S.C. § 216(b).

### B. Collective Action Members

12. The putative collective action members are all current and/or former employees of Defendant who work(ed) as hourly paid CSRs and/or SMEs in the United States of America, and like Plaintiff, are not/were not paid time and one-half their respective regular rates of pay for all hours worked over 40 in each seven-day workweek due to Defendant's practices, plans, policies

---

[1] Plaintiff intends to file a separate lawsuit for Defendant's violations of the Family Medical Leave Act. The date that Defendant terminated Plaintiff's employment is believed to be December 11, 2021 but might be a different date. There is ambiguity in the end date of employment due to Defendant's lack of clear communication and denial, interference with, and/or retaliation for Plaintiff requesting qualifying FMLA leave in November 2021.

and/or procedures relative to the regular rate claim (if they were paid bonus pay in addition to hourly pay), the unpaid short breaks in time claim, and/or the unpaid longer breaks in time claim.

13. Because Defendant did not and does not pay all overtime premium compensation to those putative collective action members who routinely work(ed) in excess of 40 hours per workweek, Plaintiff and the putative collective action members are all similarly situated within the meaning of Section 216(b) of the FLSA.

14. The relevant time period for the claims of the putative collective action members is three years preceding the date this lawsuit was filed and forward, or such other time period as deemed appropriate by the Court.

15. Plaintiff reserves the right to redefine the class, request more than one class, and/or request sub-classes relative to any motion for certification and notice filed in this lawsuit.

C. **Defendant Support Services Group, Inc. (a/k/a Legacy Support Services, LTD and/or Legacy Support Services, LLC)**

16. Defendant is a domestic for-profit corporation.

17. Defendant is registered with the Texas Secretary of State to conduct business operations in Texas.

18. Defendant's principal place of business is at 300 South 13th Street, Waco, Texas 76701.

19. At all times relevant to this lawsuit, Defendant is and has been an "enterprise engaged in commerce" as defined by the FLSA.

20. At all times relevant to this lawsuit, Defendant employed, and continues to employ, two or more employees.

21. At all times relevant to this lawsuit, Defendant employed two or more employees who engaged in commerce and/or who handled, sold, or otherwise worked on goods and/or materials that have been moved in and/or produced for commerce by any person.

22. For example, Defendant employed two or more employees who regularly handled, sold, and/or otherwise worked on goods and/or materials in their daily work that are/were moved in and/or produced for commerce. Examples of such goods and/or materials include computers, computer accessories (such as printers), office equipment (such as desks and chairs), and phones.

23. On information and belief, Defendant has had annual gross sales or business volume in excess of $500,000 during the time period relevant to this lawsuit.

24. Defendant may be served with summons through its registered agent, Andy McSwain, 220 South 4th Street, Waco, Texas 76701.

**D. Jurisdiction and Venue**

25. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

26. The Court has personal jurisdiction over Defendant based on both general and specific jurisdiction.

27. During all times relevant to this lawsuit, Defendant has done business in the State of Texas and continues to do business in the State of Texas.

28. The Court has subject matter jurisdiction over this case based on federal question jurisdiction, 28 U.S.C. § 1331, because Plaintiff bases her claims on federal law, namely the FLSA.

29. Venue is proper in this Court because Plaintiff's work for Defendant made the subject matter of this lawsuit occurred in McLennan County, Texas and Defendant's principal place of business is located in McLennan County, Texas.

### III.     FACTUAL BACKGROUND

30.     Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

31.     Defendant is call center/contact center type business operation. Defendant's customers are business entities who need support assistance for their customers. Examples of that assistance includes customer care, technical support, and membership services. Defendant's CSRs provide that support assistance. Defendant's SMEs assist in training Defendant's new CSRs in addition to continuing to perform CSR job duties. SME work is ordinarily limited to time periods in which new employees need CSR training, and once completed, the subject employee performing SME work returns to primarily performing CSR work.

32.     Defendant has call center/contact center business locations in Texas and states other than Texas, such as Maine, Massachusetts, and Utah. Defendant also has call center/contact center business locations outside the United States of America in locations such as Canada, Malaysia, Mexico, Panama, and the Philippines. The FLSA claims in this lawsuit relate to Defendant's employees who work and/or worked in the United States of America only.

33.     Defendant employs numerous CSRs and/or SMEs in connection with its call center/contact center business operations. While many of those employees work and/or worked at facilities owned, operated, and/or controlled by Defendant, some of those CSRs and/or SMEs performed work for Defendant from their respective homes.

34.     Plaintiff was primarily employed by Defendant as a CSR. At times, she also performed SME work. Plaintiff performed work for Defendant at Defendant's call center/contact center in Waco, Texas in addition to her personal residence in McLennan County, Texas.

35.     Plaintiff was paid on an hourly basis by Defendant.

36. Plaintiff's base hourly rate of pay changed during her employment with Defendant. In her most recent employment period, Plaintiff's hourly rate varied between $10.00 per hour and $12.00 per hour.

37. Like Plaintiff, the putative collective action members were paid on an hourly basis.

38. Like Plaintiff, some or all of the putative collective action members also received bonus pay.

39. Plaintiff routinely worked in excess of 40 hours per seven-day workweek as an employee of Defendant.

40. Like Plaintiff, each of the putative collective action members routinely worked in excess of 40 hours per seven-day workweek as employees of Defendant.

### A. Regular Rate Claim Facts

41. Defendant also paid Plaintiff bonuses that were incentive based. Criteria for those bonuses was generally based on maintaining or exceeding a certain percentage of productivity, attendance, EXP rating, and a certain number of surveys.

42. Although Defendant paid Plaintiff time and one-half her hourly rate of pay for overtime hours Defendant counted or treated as time worked (i.e. excluding hours worked relative to unpaid short breaks in time and/or unpaid longer breaks in time), Defendant did not include bonus pay in calculating Plaintiff's regular rate of pay.

43. The failure to include that bonus pay in calculating Plaintiff's regular rate of pay resulted in an underpayment of the FLSA overtime pay Defendant should have paid Plaintiff.

44. Defendant employs and/or employed many other employees who work(ed) as hourly paid CSRs and/or SMEs in the United States of America who also received bonus pay, and like Plaintiff, regularly work(ed) more than 40 hours per seven-day workweek, but are not/were

not paid time and one-half their respective regular rates of pay for all hours worked over 40 in each seven-day workweek due to Defendant's practices, policies, plans, and/or procedures relative to the regular rate claim.

**B.     Unpaid Short Breaks in Time Facts**

45.     Defendant generally provided Plaintiff with two paid 15-minute breaks per workday. However, if Plaintiff took more than that total amount of paid break time during the FLSA continuous workday, Defendant did not count that additional time as hours worked. For example, if Plaintiff exhausted her allotted paid break time and needed an additional 10 minutes for a personal break (e.g. restroom, snack, etc.), Defendant did not count that additional time as compensable time.

46.     Defendant generally provided each of the putative collective action members with two 15-minute paid breaks per workday. However, if a putative collective action member took more than that total amount of paid break time during the FLSA continuous workday, Defendant did not count that additional time as hours worked.

47.     The unpaid short breaks in time resulted in unpaid overtime wages for Plaintiff and the putative collective action members in workweeks that their respective hours worked, inclusive of unpaid short breaks in time and/or unpaid longer breaks in time, exceeded 40 hours.

48.     Defendant employs and/or employed many other employees who work(ed) as hourly paid CSRs and/or SMEs in the United States of America, and like Plaintiff, regularly work(ed) more than 40 hours per seven-day workweek, but are not/were not paid time and one-half their respective regular rates of pay for all hours worked over 40 in each seven-day workweek due to Defendant's practices, policies, plans, and/or procedures relative to the unpaid short breaks in time.

### C. Unpaid Longer Breaks in Time Facts

49. There are workweeks in which Plaintiff, as an employee of Defendant, was logged out during the FLSA continuous workday for time periods of more than 20 minutes.

50. Those log outs were done by employees of Defendant or Defendant's time keeping system. Those log outs occurred during times in which Plaintiff was performing work or was otherwise present for work and ready to perform work during the schedule provided by Defendant.

51. The unpaid longer breaks in time complained of in this lawsuit are not logouts for bona-fide meal breaks.

52. Defendant knew and/or had reason to believe that Plaintiff was working during those unpaid longer breaks in time due to Plaintiff being at her workstation, logged into call center/contact center computer based and/or phone based system(s), participating in calls, sending messages such as e-mails, and other work performed by Plaintiff. The same is true for the putative collective action members who experience/experienced unpaid longer breaks in time.

53. The unpaid longer breaks in time resulted in unpaid overtime wages for Plaintiff in workweeks that her hours worked, inclusive of unpaid short breaks in time and/or unpaid longer breaks in time, exceeded 40 hours.

54. Defendant employs and/or employed many other employees who work(ed) as hourly paid CSRs and/or SMEs in the United States of America, and like Plaintiff, regularly work(ed) more than 40 hours per seven-day workweek, but are not/were not paid time and one-half their respective regular rates of pay for all hours worked over 40 in each seven-day workweek due to Defendant's practices, policies, plan, and/or procedures relative to the unpaid longer breaks in time.

## IV. CONTROLLING LEGAL RULES

55. The FLSA states that "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1).

56. "Employ" includes to suffer or permit work. 29 U.S.C. § 203(g).

57. Federal law requires employers to make and keep accurate and detailed payroll data for non-exempt employees. 29 U.S.C. § 211(c); 29 C.F.R. § 516.2. Amongst other things, the regulations require employers to make and keep payroll records showing data such as the employee's name, occupation, time of day and day of week which the workweek begins, regular hourly rate of pay for any week in which overtime pay is due, hours worked each workday and total hours worked each workweek, total daily or weekly straight time earnings, total premium pay for overtime hours, total wages paid each pay period and date of payment and pay period covered by the payment, and records of remedial payments. 29 C.F.R. § 516.2(a)&(b). Employers are required to maintain the foregoing data for a minimum of three years. 29 C.F.R. § 516.5.

58. The FLSA defines the "regular rate" as including "all remuneration for employment paid to, or on behalf of, the employee … ." 29 U.S.C. § 207(e).

59. With a few limited exceptions, all remuneration given to an employee must be included in the employee's regular rate calculation. 29 U.S.C. § 207(e); 29 C.F.R. § 778.108; *accord Allen v. Board of Pub. Educ. For Bibb Cty.*, 495 F. 3d 1306, 1311 (11th Cir. 2007).

60. "The employer bears the burden of demonstrating that certain payments should not be included in determining its employees' regular rate." *Meadows v. Latshaw Drilling Co., LLC,*

338 F. Supp. 3d 587, 591 (N.D. Tex. 2018) (citing *Idaho Sheet Metal Works, Inc. v. Wirtz*, 383 U.S. 190, 209, 86 S.Ct. 737, 15 L.Ed.2d 694 (1966); *Johnson v. Big Lots Stores, Inc.*, 604 F. Supp. 2d 903, 927 (E.D. La. 2009)). *See also*, *Smiley v. E.I. Dupont De Nemours & Co.*, 839 F.3d 325, 330 (3d Cir. 2016) (The employer bears the burden of proof to establish that remuneration can be excluded from the regular rate of pay pursuant to one of the statutory exclusions set forth in 29 U.S.C. § 207(e)).

61. Under the FLSA's Continuous Workday Rule, "[p]eriods of time between the commencement of the employee's first principal activity and the completion of his last principal activity on any workday must be included in the computation of hours worked." 29 C.F.R. § 790.6.

62. An employee is employed for purposes of the FLSA if the employer has "knowledge, actual or constructive, that [s]he was working." *Mack v. Avara Cmty. Health Servs.*, No. 3:13-CV-1976-P, 2016 U.S. Dist. LEXIS 129266, at *3-4 (N.D. Tex. Feb. 5, 2016) (*citing Newton v. City of Henderson*, 47 F.3d 746, 748 (5th Cir. 1995)). "Constructive knowledge exists if by exercising reasonable diligence an employer would become aware that an employee is working overtime." *Von Friewalde v. Boeing Aero. Operations, Inc.*, 339 F. App'x 448, 455 (5th Cir. 2009) (quotations and citation omitted).

63. "[I]t is the duty of the management to exercise its control and see that the work is not performed if it does not want it to be performed. It cannot sit back and accept the benefits without compensating for them. The mere promulgation of a rule against such work is not enough. Management has the power to enforce the rule and must make every effort to do so." 29 C.F.R. § 785.13; *accord Newton*, 47 F.3d at 748.

64. Breaks in time during the workday that are 20 minutes or less must be treated as compensable time under the FLSA. *See Naylor v. Securiguard, Inc.*, 801 F.3d 501, 505 (5th Cir.

2015); *Gomez v. MI Cocina Ltd.*, 3:14-CV-2934-P, 2015 WL 13852376, at *2 (N.D. Tex. Dec. 16, 2015); *Sec. U.S. Dept. of Lab. v. Am. Future Sys., Inc.*, 873 F.3d 420, 432 (3d Cir. 2017) (The requirement that breaks in time during the workday of 20 minutes or less be counted as compensable time under the FLSA is a "bright line rule.").[2]

65. "Where an employee is required by his employer to report to work at a specified time, and the employee is there at that hour ready and willing to work but is unable to begin work for a period of time for some reason beyond his control, the employee is engaged to wait and is entitled to be paid for the time spent waiting." *Mireles v. Frio Foods, Inc.*, 899 F.2d 1407, 1415 (5th Cir. 1990); *see also Bridges v. Empire Scaffold, L.L.C.*, 875 F.3d 222, 228 (5th Cir. 2017) (Affirming the compensability of breaks in time during the FLSA's continuous workday as set forth in *Mireles* post *Integrity Staffing Sols., Inc. v. Busk*, 574 U.S. 27 (2014) (but rejecting other parts of *Mireles* not relevant here)).

66. Failing to pay the required overtime premium for hours worked over 40 in a workweek is a violation of the FLSA. 29 U.S.C. § 216(b).

### V.     FLSA CLAIMS

67. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

68. Defendant is and/or was an eligible and covered employer under the FLSA relative to the claims in this lawsuit. 29 U.S.C. § 203(d).

---

[2] An exception to that bright line rule is that breaks in time during the workday for nursing mothers (up to one year after the child's birth) to express breast milk do not have to be counted as compensable time by an employer. 29 U.S.C. § 207(r). Relevant facts for the application of 29 U.S.C. § 207(r) do not apply to Plaintiff and this case does not seek compensation for time periods spent by any putative collective action member who was a nursing mother for breast milk expression pursuant to 29 U.S.C. § 207(r).

69. Defendant is and/or has been an enterprise engaged in commerce under the FLSA during all years relative to the claims in this lawsuit. 29 U.S.C. § 203(s)(1)(A).

70. Plaintiff and the putative collective action members are and/or were employees of Defendant pursuant to the FLSA. 29 U.S.C. § 203(e).

71. Plaintiff and the putative collective action members are and/or were covered employees under 29 U.S.C. § 207(a)(1).

72. Plaintiff and the putative collective action members are and/or were paid on an hourly basis by Defendant. At times, Plaintiff and some or all of the putative collective action members also received incentive-based bonus pay.

73. At material times, Plaintiff and the putative collective action members regularly work and/or worked in excess of 40 hours per seven-day workweek as employees of Defendant.

74. Defendant is and/or was required to pay Plaintiff and the putative collective action members time and one-half their respective regular rates of pay for all hours worked over 40 in each relevant seven-day workweek. 29 U.S.C. § 207(a)(1).

75. Defendant is and/or was required by the FLSA to include the bonuses it paid to Plaintiff and the putative collective action members in calculating their respective regular rates of pay.

76. Defendant does not and/or did not pay Plaintiff and the putative collective action members all FLSA mandated overtime wages because it does not/did not include bonus pay in calculating their respective regular rates of pay.

77. Defendant does not and/or did not treat unpaid short breaks in time for Plaintiff and the putative collective action members as compensable time under the FLSA. The unpaid short breaks in time resulted in unpaid overtime wages for Plaintiff and the putative collective action

members in workweeks that their respective hours worked, inclusive of unpaid short breaks in time and/or unpaid longer breaks in time, exceeded 40 hours.

78. Defendant does not and/or did not treat unpaid longer breaks in time for Plaintiff and the putative collective action members as compensable time under the FLSA. The unpaid longer breaks in time resulted in unpaid overtime wages for Plaintiff and the putative collective action members in workweeks that their respective hours worked, inclusive of unpaid short breaks in time and/or unpaid longer breaks in time, exceeded 40 hours.

79. Defendant failed to pay Plaintiff and putative collective action members overtime compensation at one and one-half times their respective regular rates of pay for all hours worked over 40 in each and every seven-day workweek during the time period relevant to this lawsuit (three years preceding the date this lawsuit was filed and forward).

80. The failure of Defendant to pay Plaintiff and the putative collective action members time and one-half their respective regular rates of pay for all hours worked over 40 per seven-day workweek is a violation of the FLSA.

81. The putative collective action members are similarly situated to the Plaintiff and to each other under the FLSA. 29 U.S.C. § 216(b).

82. Defendant's violations of the FLSA are and/or were willful within the meaning of 29 U.S.C. § 255(a). At material times, Defendant is and was aware that Plaintiff and the putative collective action members are not and were not paid time and one-half their respective regular rates of pay for all hours worked over 40 in a seven-day workweek. Defendant knew it was not including bonus pay in the regular rates of pay for Plaintiff and the putative collective action members. Defendant knew and/or had reason to believe that Plaintiff and the putative collective action members had unpaid overtime hours relative to the unpaid short breaks in time and/or

unpaid longer breaks in time from timekeeping data, payroll data, and/or log in and log out data in Defendant's time keeping and/or payroll system (which should show, in detail, the unpaid short breaks in time and the unpaid longer breaks in time during each employee's workday assuming Defendant complied with 29 C.F.R. § 516.2(a)(7)) in addition to knowing that employees were at their respective work stations pursuant to schedules set by Defendant, logged into call center/contact center computer based and/or phone based systems, participating in calls, sending messages such as e-mails, and performing other work which Defendant should have been aware of in connection with its business operations.

83. Plaintiff and the putative collective action members seek all damages available for Defendant's failure to timely pay all overtime wages owed.

## VI. FLSA COLLECTIVE ACTION

84. Where, as here, the employer's actions or policies were effectuated on a companywide basis, notice may be sent to all similarly situated persons on a companywide basis. *See Ryan v. Staff Care, Inc.*, 497 F. Supp. 2d 820, 825 (N.D. Tex. 2007) (certifying nationwide collective action in FLSA case); *see also*, *Jones v. SuperMedia Inc.,* 281 F.R.D. 282, 290 (N.D. Tex. 2012) (same).

85. Plaintiff seeks to represent a collective action under 29 U.S.C. § 216(b) on behalf of herself and all current and/or former employees of Defendant who work(ed) as hourly paid CSRs and/or SMEs in the United States of America, and like Plaintiff, are not/were not paid time and one-half their respective regular rates of pay for all hours worked over 40 in each seven-day workweek due to Defendant's practices, plans, policies, and/or procedures relative to the regular rate claim (if they were paid bonus pay in addition to hourly pay), the unpaid short breaks in time claim, and/or the unpaid longer breaks in time claim.

86. Because Defendant did not and does not pay all overtime premium compensation owed to those putative collective action members who routinely work(ed) in excess of 40 hours per workweek, Plaintiff and the putative collective action members are all similarly situated within the meaning of Section 216(b) of the FLSA.

87. The relevant time period for this collective action is three years preceding the date this lawsuit was filed and forward, or such other time period deemed appropriate by the Court.

88. Plaintiff reserves the right to seek sub-classes and/or modify collective action definition in any collective action certification motion or other filing.

## VII. JURY DEMAND

89. Plaintiff demands a jury trial.

## VIII. DAMAGES AND PRAYER

90. Plaintiff asks that she and the Collective Action Members be awarded a judgment against Defendant and/or order(s) from the Court for the following:

   a. An order certifying this case as a FLSA collective action (including sub-classes as necessary) and requiring notice to be issued to all putative collective action members,

   b. All damages allowed by the FLSA, including back overtime wages,

   c. Liquidated damages in an amount equal to back FLSA mandated wages,

   d. Legal fees,

   e. Costs,

   f. Post-judgment interest, and/or

   g. All other relief to which Plaintiff and the Collective Action Members are entitled.

Date: January 12, 2022.

Respectfully submitted,

By: s/ Allen R. Vaught
    Allen R. Vaught
    Attorney-In-Charge
    TX Bar No. 24004966
    Vaught Firm, LLC
    1910 Pacific Ave., Suite 9150
    Dallas, Texas 75201
    (972) 707-7816 – Telephone
    (972) 591-4564 – Facsimile
    avaught@txlaborlaw.com

ATTORNEY FOR PLAINTIFF